IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

|  |  |  |
|---|---|---|
| CHARLES MICHAEL WILLIAMS, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | Case No. 1:26-cv-01002-JDB-jay |
| STATE OF TENNESSEE, | ) ) | |
| Respondent. | ) ) ) | |

ORDER DIRECTING CLERK TO MODIFY THE DOCKET
AND
DIRECTING PETITIONER TO FILE IN FORMA PAUPERIS AFFDAVIT AND TRUST
FUND ACCOUNT STATEMENT OR PAY HABEAS FILING FEE

The Petitioner, Charles Michael Williams, Tennessee Department of Correction prisoner number 237328, who is incarcerated at the Hardeman County Correctional Facility ("HCCF") in Whiteville, Tennessee, has filed a pro se petition under to 28 U.S.C. § 2254 (the "Petition").[1] (Docket Entry 1.)  Petitioner has failed to pay the $5.00 habeas filing fee required by 28 U.S.C. § 1914(a) or submit an application to proceed in forma pauperis ("IFP") and a certified copy of his inmate trust fund account statement.

Petitioner is ORDERED to either pay the $5.00 habeas filing fee or submit a properly completed Application to Proceed in District Court Without Prepaying Fees or Costs (AO 240) demonstrating his indigency, along with a certified inmate trust fund account statement for the last

---

[1] The proper respondent to a habeas petition is Petitioner's custodian, Demetric Godfrey, the warden of HCCF.  *See Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) (explaining that "in habeas challenges to present physical confinement . . . the default rule is that the proper respondent is the warden of the facility where the prisoner is being held").  The Court DIRECTS the Clerk to terminate all references to the State of Tennessee as Respondent and to add Warden Godfrey as Respondent.

six months, no later than thirty days from the date of this order.[2]  The Clerk is DIRECTED to mail a copy of the prisoner Application to Proceed in District Court Without Prepaying Fees or Costs (AO 240) to Petitioner along with this order.

Williams is ORDERED to notify the Court immediately, in writing, of any change of address.  If he fails to abide by this requirement or any other requirement of this order in a timely manner, the Court may, without further notice, impose appropriate sanctions, up to and including dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED this 6th day of January 2026.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

---

[2]Petitioner is advised that, if his inmate trust account had a balance of at least $25.00 on the date the Petition was filed, an application to proceed IFP will be denied.