IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES MICHAEL WILLIAMS, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 1:26-cv-01002-JDB-jay |
| | ) | |
| WARDEN DEMETRIC GODFREY, | ) | |
| Respondent. | ) | |

ORDER DISMISSING § 2254 PETITION WITHOUT PREJUDICE FOR FAILURE
TO PROSECUTE,
DENYING CERTIFICATE OF APPEALABILITY,
AND
DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

On January 2, 2026, the Petitioner, Charles Michael Williams, Tennessee Department of Correction prisoner number 237328, then incarcerated at the Hardeman County Correctional Complex in Whiteville, Tennessee, filed a pro se petition under to 28 U.S.C. § 2254 (the "Petition"). (Docket Entry ("D.E.") 1.) Williams later filed a motion for leave to proceed in forma pauperis ("IFP") (D.E. 4), which was granted on January 26, 2026 (D.E. 6).

The January 26 order was returned as undeliverable on February 23, 2026, with a notation that Williams had been "paroled/discharged." (D.E. 7.) On March 9, 2026, the Court ordered Petitioner to show cause why the case should not be dismissed as moot, warning that "[f]ailure to file a timely response to the Court's order will result in the dismissal of the Petition under Federal Rule of Civil Procedure 41(b) for failure to prosecute." (D.E. 8 at PageID 25.) The March 9 order was returned as undeliverable on March 26, 2026 (D.E. 9), and Petitioner has not provided the Court with a change of address.

The most basic responsibility of a litigant is to keep the Court advised of his whereabouts. Petitioner appears to have abandoned this action.  Accordingly, the Petition is DISMISSED WITHOUT PREJUDICE for failure to prosecute.  *See* Fed. R. Civ. P. 41(b).

No § 2254 petitioner may appeal without a certificate of appealability ("COA").  28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1).  To obtain a COA, a petitioner must make "a substantial showing of the denial of a constitutional right."  *See* 28 U.S.C. § 2253(c)(2).  Where habeas relief is denied on procedural grounds without reaching the merits of the underlying constitutional claim(s), "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Reasonable jurists would not find it debatable whether the Court was correct in its procedural ruling dismissing the Petition for failure to prosecute and for non-compliance with the Court's order.  Therefore, a COA is DENIED.

To appeal IFP in a habeas case under § 2254, the petitioner must obtain pauper status under Federal Rule of Appellate Procedure 24(a).  *See Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).  A party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit.  Fed. R. App. P. 24(a)(1).  If the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal IFP, the petitioner must file his motion to proceed IFP in the appellate court.  *See* Fed. R. App. P. 24(a)(4)-(5).  For the same

reasons the Court denies a COA, the Court CERTIFIES that any appeal in this matter would not

be taken in good faith.  Leave to appeal IFP is DENIED.[1]

IT IS SO ORDERED this 9th day of April 2026.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

---

[1]If Petitioner files a notice of appeal, he must pay the full $605 appellate filing fee or file a motion to proceed IFP and supporting affidavit in the Sixth Circuit Court of Appeals within thirty days of the date of entry of this order.  *See* Fed. R. App. P. 24(a)(5).